UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CRAIG McFADDEN,

                    Plaintiff                              **COMPLAINT**
                                                          Civ. No.:

vs.

                                                          **JURY TRIAL DEMANDED**

MONROE COUNTY,
MONROE COUNTY CHILDREN'S CENTER,
DIRECTOR  MICHAEL MARINAN,
Individually,

                    Defendants.
_____

## PRELIMINARY INTRODUCTION

1.          This is an action for the creation of a hostile environment based on race (African

            American) and the  retaliatory discharge of the Plaintiff Craig McFadden  6 days

            after receiving a PROBABLE CAUSE determination from the New York State

            Division of Human Rights, under Title VII and the New York Human Rights Law,

            §290, *et seq.*.  This is also an action for discrimination in violation of the Civil

            Rights Act of 1991, 42 U.S.C. §1981, based on race (African American).

            Plaintiffs seeks declaratory relief, and compensatory and punitive damages

            against Director Marinan in an amount to be determined at the time of trial.


## JURISDICTION AND VENUE

2.          Jurisdiction of this Court is invoked pursuant to 28 U.S.C §§1331and 1343, 42

            U.S.C. § 2000 (e), 42 U.S.C. §1981, 29 U.S.C. § 1331, 29 U.S.C. §§206 and

            216; the Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to

            adjudicate Plaintiff's claims under state law.  Venue is proper pursuant to 28

            U.S.C. §1391.

Page -1-

3.       Plaintiff received a Notice of Right to Sue from the Equal Employment

         Opportunity Commission on July 1st, 2009 with regard to his claims under Title

         VII set forth below, and as such, he has administratively exhausted his claims

         under that statute.

## PARTIES

4.       Plaintiff is an individual male of African American descent, who was at all times

         relevant herein a resident of the County of Monroe, State of New York.

5.       Upon information and belief, the defendant MONROE COUNTY,

         MONROE COUNTY CHILDREN'S CENTER, is a municipal corporation,

         organized and existing under the laws of the State of New York, and who at all

         times is the employer of one of its highest ranking supervisors, DIRECTOR

         MICHAEL MARINAN.

## FACTS

6.       Plaintiff was hired as a "Supervising Child Care Worker" for the County of

         Monroe Children's Center ("the Center") on December 25, 1993.

7.       Plaintiff had a stellar work history and worked with children professionally,

         collegiately and personally.

8.       80% of the children at the Center are minorities.

Page -2-

9.      Michael Marinan, a Caucasian male, became the Director of the Center on or
        about August, 2003 and commenced an interrupted pattern of racial
        discrimination and disparate treatment of African American workers, including
        the Plaintiff.

10.     Director Marinan began referring to Plaintiff and other African-Americans at the
        Children's Center as "you people".

11.     Director Marinan consistently promoted the Caucasian employees and fired
        African-American employees.

12.     Director Marinan is known for citing at management meetings, "we're going to
        change this environment...we are not all going to be 6'5" basketball players
        around here".

13.     Director Marinan additionally is quoted as making several racial slurs, such as
        "we're paying you people too much money... you all have big cars in the parking
        lot."

14.    When African-American workers, including Plaintiff, started complaining of the
       discrimination they were experiencing from Director Marinan's gratuitous racist
       comments, Director Marinan responded by drawing a picture of a big bus,
       stating:

           **"if you are not on the bus going in the direction I am, we will get rid
           of all of you".**

15.    Director Marinan then segregated the employees by putting them in groups of
       either minorities or Caucasians.

16.    Director Marinan then threatened Plaintiff with writing him up for instances that
       occurred months ago.

17.    Director Marinan then told all the African Americans including Plaintiff that they
       could not use their cell phones at work, while the Caucasians were allowed to
       use their cell phones at work.

18.    During Plaintiff's tenure, Director Marinan fired African Americans Phil Harlow
       and Darryl Vickers for using cell phones.

19.    Director Marinan also fired Reggie DeJesus, Larry Fogle and Jose Reyes, all
       African-Americans for various reasons.

20.    On or about August 1, 2007, Plaintiff sought assistance in order to file a
       grievance with Ronald House, Affirmative Action Manager at the Children's
       Center Human Resources Department against Director Marinan for his
       continuing inappropriate conduct towards him in response to Plaintiff's mundane
       request for time off.

21.    In early January, 2008, Director Marinan referred to Plaintiff's complaints in a
       management meeting by stating to Plaintiff: "people are making complaints here
       about people not getting time off.  These are complaints are not real and they
       should be handled through [him]".

22.    In February, 2008, Director Marinan advised another supervisor Kerry Upshaw,
       who  was hired as Assistant Director/ Coordinator to "monitor" Plaintiff

23.    Specifically, Director Marinan asked Upshaw to "watch Plaintiff" and "work on
       getting Plaintiff fired by writing him up, or whatever it took".

24.    Upshaw resigned 3 months later.

25.    Director Marinan then recruited Marc Robinson (a Caucasian) to aid him in
       facilitating the termination of minorities.

26.     Robinson was a gym teacher with no credentials and was promoted to Assistant
        Director to Marinan.

27.     Other African-Americans with experience, credentials, seniority and passed the
        specific written test, were not considered or promoted under Director Marinan's
        direction.

28.     Thereafter, Director Marinan would yell at Plaintiff accusing Plaintiff of
        committing the actions that white coworkers were displaying.

29.     On May 19, 2008, John Vasko, Union President, instructed Plaintiff to file a
        Complaint with the New York State Division of Human Rights because the
        defendant failed to take any remedial action whatsoever.

30.     On May 20, 2008 Director Marinan accused Plaintiff of not being present for
        work on April 27, 2008 while Plaintiff was at work and had several witnesses who
        attested to Plaintiff being at work on April 27, 2008.

31.     On May 20, 2009, Plaintiff attended an investigatory conference which resulted
        in a written reprimand. Plaintiff was disciplined for failing to punch his time cards
        properly.

32.    On May 26, 2008, Plaintiff was injured at work and for 5½ weeks systematically
       called into his Supervisor, Michael Marinan regarding his doctor's findings and
       anticipated date to return to work.

33.    On June 30, 2008, Plaintiff filed formal Charges with the New York State Division
       of Human Rights alleging discrimination based on race and disparate treatment
       given him by Director Marinan.

34.    On July 11, 2008, Plaintiff's wages were interrupted alleging his "sick credits
       were suspended", though Plaintiff had accumulated sick time to cover that time.

35.    This interruption occurred shortly after filing his formal Charges.

36.    On July 29, 2008, Plaintiff filed retaliatory Charges with the New York State
       Division of Human Rights.

37.    On August 16, 2008, Defendant demanded Plaintiff submit to an independent
       medical exam.

38.    The independent medical doctor concurred with Plaintiff's physician, and allowed
       Plaintiff to return to work with the same restrictions.

39.     Defendants did not allow Plaintiff to return to work despite his doctor's
        authorizing him with restrictions to return to light duty.

40.     Several other comparably situated supervisors and employees, all Caucasian,
        who became temporarily disabled, were not placed on inactive status and
        allowed to continue in their jobs.

41.     On September 9, 2008, Plaintiff returned to work.

42.     On September 12, 2008, Plaintiff reported hostile treatment to Ronald House by
        Director Marinan.

43.     On September 21, 2008, Mr. Marinan interrogates Plaintiff, intimidating him
        about his cell phone use.

44.     On September 25, 2008, a Mediation began with the Division of Human Rights.

45.     On September 26, 2008, the treatment of harassment and retaliation towards
        Plaintiff heightened.

46.     On October 1, 2008, Plaintiff filed a Discrimination Complaint with the Human
        Resources Department at the Monroe County Children's Center that harassment
        was continuing and increasing regarding Director Marinan's treatment.

47.     On October 10, 2008, Human Resources took Plaintiff out of a program
        designed to improve his supervisory skills, citing him with "performance issues."

48.     Due to the several complaints of other Child Care Workers regarding racial
        inequity and of the disparate treatment of Plaintiff, a meeting was called by Kelly
        Reed, the Monroe County Department of Human Resource.

49.     On October 15, 2008, Plaintiff contacted Kelly Reed about the hostile work
        environment he suffered at the hands of Director Marinan.

50.     On October 21, 2008, Plaintiff was given a one-day suspension without pay for
        "poor supervisory performance and not adhering to a policy regarding the use of
        his cell phone".

51.     This suspension was not based on any improper actions by Plaintiff as a
        supervisory employee, yet was a continuing effort to discredit Plaintiff's job
        performance in retaliation for his myriad of unremedied complaints of unlawful
        discrimination.

52.     On October 31, 2008, the Plaintiff visited a physician for hypertension from the
        constant belittling and belligerent comments made by Plaintiff's supervisor, Mr.
        Marinan.

53.     On November 19, 2008, Plaintiff visited his physician and was taken out of work
        for 3 days due to stress.

54.     On November 20, 2008, Plaintiff was a witness at a Mediation with the NYSDHR.
        Plaintiff testified for another Child Care worker at the Children's Center, Joseph
        Carter.

55.     On November 26, 2008, Plaintiff's wages were suspended for taking the days
        November 21, 22, 23, 2008 off due to doctor's orders. These wages were never
        restored to Plaintiff.

56.     On December 3, 2008, Plaintiff received an internal Notice of Investigatory
        Proceeding.

57.     On December 5, 2008, Plaintiff received a Memo regarding "maltreatment"
        regarding restraint of a student.

58.     Plaintiff was not allowed to answer in his defense.

59.     In early December, 2008, Plaintiff again contacted Ronald House to file a
        retaliatory grievance with the County' Human Resource Department.

60.     On December 8, 2008, Plaintiff was suspended with pay, but then never
        received another paycheck from the defendant.

61.     On December 16, 2008, an internal investigatory interview was held: Plaintiff's
        badge was taken from him.

62.     On December 24, 2008, a PROBABLE CAUSE finding was issued by the New
        York State Division of Human Rights.

63.     On or about December 30, 2008, Plaintiff was terminated by a letter received
        from the defendant dated December 23, 2008.

64.     Plaintiff was replaced with a Caucasian.

65.     On January, 2009, Plaintiff filed retaliatory charges with the New York State
        Division Human Rights.

66.     On March 18, 2009, Plaintiff filed an additional retaliatory charge with the New
        York State Division Human Rights.

## FIRST CAUSE OF ACTION

### Racial Discrimination under 42 U.S.C. § 1981
### As and Against All Defendants and Each of Them

67.     Plaintiff repeats and re-alleges by reference each and every allegation
        contained in the above stated paragraphs, and incorporates the same as though
        fully set forth herein.

68.     Plaintiff claims he was subject to harassment by Director Marinan which was
        condoned by management and motivated by Plaintiff's race (African American)
        under 42 U.S.C. §1981 as set forth in the above stated paragraphs.

69.     Defendant Director Marinan's conduct, ratified by the County, was not welcomed
        by Plaintiff.

70.     Defendant Director Marinan's conduct, ratified by the County, was motivated by
        Plaintiff' s race and national origin.

71.     The conduct alleged by Plaintiff was so severe and pervasive that a
        reasonable person in Plaintiff's position would find Plaintiff 's
        environment to be hostile and abusive and that Plaintiff believed his
        environment to be hostile and abusive as a result of Director Marinan's
        conduct.

72.     Defendant at all times relevant herein had actual and constructive knowledge of
        the conduct described in the above stated paragraphs, but failed to take any
        remedial action to put an end to the harassment Plaintiff suffered at the hands of
        Director Marinan.

73.     The above described conduct of Director Marinan created an intimidating,
        oppressive, hostile and offensive work environment which interfered with the
        Plaintiff's well being.

74.     As a result of the hostile and offensive environment perpetrated and maintained
        by defendants and each of them, and their failure to protect the Plaintiff from
        further harassment, Plaintiff suffers severe emotional distress.

75.     Defendants violated Plaintiff's civil rights under 42 U.S.C. § 1981  by failing to
        adequately supervise, control, discipline, and/or otherwise penalize the conduct,
        acts and failures to act of the Defendants as described above.

76.     Defendants failed to comply with their duty to take all reasonable and necessary
        steps to eliminate racial harassment from the workplace and to prevent it from
        occurring in the future.

77.      As a direct and proximate result of Defendant's willful, knowing and intentional

discrimination against her, Plaintiff has suffered and will continue to suffer pain

and suffering and extreme and severe mental anguish and emotional anguish

and emotional distress; he has incurred and will continue to incur medical

expenses for treatment by health care professionals, and for other incidental

expenses, and he has suffered and will continue to suffer a loss of earnings and

other employment benefits and job opportunities. Plaintiff is thereby entitled to

general and compensatory damages.

78.      As a further and proximate result of Defendant's violations, Plaintiff has been

compelled to retain the services of counsel, and has thereby incurred and will

continue to incur, legal fees and costs, the full nature and extent of which are

presently unknown to the Plaintiff. Plaintiff requests that attorney fees be

awarded.

79.      Plaintiff is informed and believes, and based thereon alleges, that the

outrageous conduct of Defendant described above was done with fraud,

oppression and malice, with a conscious disregard for his rights, and with the

intent, design, and purpose of injuring her. Plaintiff is further informed and

believes that Defendant authorized, condoned and/or ratified the unlawful

conduct alleged herein, specifically. By reason thereof, Plaintiff is entitled to

punitive or exemplary damages from Director Marinan in a sum to be adduced at

trial.

Page -14-

80.        That Plaintiff's demand costs and attorneys' fees pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION

### Racial Discrimination under 42 U.S.C. § 2000e
### As and Against Monroe County Only

81.        Plaintiff repeats and re-alleges by reference each and every allegation

           contained in the above stated paragraphs, and incorporates the same as though

           fully set forth herein.

82.        Plaintiff claims he was subject to harassment by Director Marinan which was

           condoned by management and motivated by Plaintiff's race (African American)

           and national origin under 42 U.S.C. §2000e as set forth in the above stated

           paragraphs.

83.        Defendant Director Marinan's conduct, ratified by the County, was not welcomed

           by Plaintiff.

84.        Defendant Director Marinan's conduct, ratified by the County, was motivated by

           Plaintiff' s race and national origin.

85.        The conduct alleged by Plaintiff was so severe and pervasive that a

           reasonable person in Plaintiff's position would find Plaintiff 's

           environment to be hostile and abusive and that Plaintiff believed his

           environment to be hostile and abusive as a result of Director Marinan's

           conduct.

86.     Defendant at all times relevant herein had actual and constructive knowledge of
        the conduct described in the above stated paragraphs, but failed to take any
        remedial action to put an end to the harassment Plaintiff suffered at the hands of
        Director Marinan.

87.     The above described conduct of Director Marinan created an intimidating,
        oppressive, hostile and offensive work environment which interfered with the
        Plaintiff's well being.

88.     As a result of the hostile and offensive environment perpetrated and maintained
        by defendants and each of them, and their failure to protect the Plaintiff from
        further harassment, Plaintiff suffers severe emotional distress.

89.     Defendants violated Plaintiff's civil rights under 42 U.S.C. §2000e  by failing to
        adequately supervise, control, discipline, and/or otherwise penalize the conduct,
        acts and failures to act of the Defendants as described above.

90.     Defendants failed to comply with their duty to take all reasonable and necessary
        steps to eliminate racial harassment from the workplace and to prevent it from
        occurring in the future.

91.     As a direct and proximate result of Defendant's willful, knowing and intentional
        discrimination against him, Plaintiff has suffered and will continue to suffer pain
        and suffering and extreme and severe mental anguish and emotional anguish
        and emotional distress; he has incurred and will continue to incur medical
        expenses for treatment by health care professionals, and for other incidental
        expenses, and he has suffered and will continue to suffer a loss of earnings and
        other employment benefits and job opportunities. Plaintiff is thereby entitled to
        general and compensatory damages.

92.     As a further and proximate result of Defendant's violations, Plaintiff has been
        compelled to retain the services of counsel, and has thereby incurred and will
        continue to incur, legal fees and costs, the full nature and extent of which are
        presently unknown to the Plaintiff. Plaintiff requests that attorney fees be
        awarded.

93.     Plaintiff is informed and believes, and based thereon alleges, that the
        outrageous conduct of Defendant described above was done with fraud,
        oppression and malice, with a conscious disregard for his rights, and with the
        intent, design, and purpose of injuring him. Plaintiff is further informed and
        believes that Defendant authorized, condoned and/or ratified the unlawful
        conduct alleged herein, specifically. By reason thereof, Plaintiff is entitled to
        punitive or exemplary damages from Director Marinan in a sum to be adduced at
        trial.

94.     That Plaintiff's demand costs and attorneys' fees.

## THIRD CAUSE OF ACTION

### Retaliation under 42 U.S.C. 1981
### As and Against All Defendants and Each of Them

95.     Plaintiff repeats and re-alleges by reference each and every allegation
        contained in the above stated paragraphs, and incorporates the same as
        though fully set forth herein.

96.     Plaintiff in good faith complained to both management and the NYSDHR/EEOC
        race discrimination by Director Marinan.

97.     That by formally protesting the conditions of his work place with
        management for the past four years, and by filing his charge of
        discrimination and for receiving a PROBABLE CAUSE DETERMINATION
        on December 24th, 2008, Plaintiff engaged in protected activity under 42
        U.S.C § 1981.

98.     Immediately thereafter, Plaintiff was subject to retaliatory harassment
        culminating in his termination on December 30, 2008, 6 days after receiving his
        PROBABLE CAUSE determination on December 24, 2008.

99.     That there was a causal connection between Plaintiff's engagement in protected
        activity and the retaliatory treatment he suffered and defendants have no
        legitimate reasons for this conduct.

100.    Defendants, and each of them, engaged in a pattern of illegal retaliation because
        the Plaintiff had complained of national origin/ race discrimination. Defendant
        had no legitimate business reason for these actions.

101.    As a direct and proximate result of Defendant's willful, knowing and intentional
        discrimination against him, Plaintiff has suffered and will continue to suffer pain
        and suffering and extreme and severe mental anguish and emotional anguish
        and emotional distress; she has incurred and will continue to incur medical
        expenses for treatment by health care professionals, and for other incidental
        expenses, and she has suffered and will continue to suffer a loss of earnings and
        other employment benefits and job opportunities.  Plaintiff is thereby entitled to
        general and compensatory damages in amounts to be proven at trial.

102.    As a further and proximate result of Defendant's violations of  42 U.S.C. § 1981,
        Plaintiff has been compelled to retain the services of counsel in an effort to
        enforce the terms and conditions of the employment relationship with
        Defendants and each of them, and has thereby incurred and will continue to
        incur, legal fees and costs, the full nature and extent of which are presently
        unknown to the Plaintiff.  Plaintiff requests that attorney fees be awarded.

103.      Defendants conduct as described herein was malicious and oppressive, and
          done with a conscious disregard of Plaintiffs rights. The acts were performed
          with the knowledge of an employers' economic power over its employees.
          Defendant ratified the unlawful conduct of its employees in this action.
          Consequently, Plaintiff is entitled to punitive or exemplary damages from all
          Defendants.

## FOURTH  CAUSE OF ACTION
### Retaliation under Title VII Against Monroe County *Only*

104.      Plaintiff  repeats and re-alleges by reference each and every allegation
          contained in the above stated paragraphs,  and incorporates the same as though
          fully set forth herein.

105.      Plaintiff in good faith complained to both management and the NYSDHR/EEOC
          race  discrimination by Director Marinan.

106.      That by formally protesting the conditions of his work place with management for
          the past four years, and by filing his charge of discrimination and for receiving a
          PROBABLE CAUSE DETERMINATION on December 24th, 2008,  Plaintiff
          engaged in protected activity under 42 U.S.C § 1981.

107.    Immediately thereafter, Plaintiff was subject to retaliatory harassment
        culminating in his termination on December 30, 2008, 6 days after receiving his
        PROBABLE CAUSE determination on December 24, 2008.

108.    That there was a causal connection between Plaintiff's engagement in protected
        activity and his termination, and that defendant's reasons for terminating Plaintiff
        are pretextual as a matter of law.

109.    Defendants, and each of them, engaged in a pattern of illegal retaliation because
        the Plaintiff had complained. Defendant had no legitimate business reason for
        these actions.

110.    As a direct and proximate result of Defendant's willful, knowing and intentional
        discrimination against him, Plaintiff has suffered and will continue to suffer pain
        and suffering and extreme and severe mental anguish and emotional anguish
        and emotional distress; he has incurred and will continue to incur medical
        expenses for treatment by health care professionals, and for other incidental
        expenses, and he has suffered and will continue to suffer a loss of earnings and
        other employment benefits and job opportunities. Plaintiff is thereby entitled to
        general and compensatory damages in amounts to be proven at trial.

111.          As a further and proximate result of Defendant's violations of Title VII, Plaintiff
              has been compelled to retain the services of counsel in an effort to enforce the
              terms and conditions of the employment relationship with Defendants and each
              of them, and has thereby incurred and will continue to incur, legal fees and
              costs, the full nature and extent of which are presently unknown to the Plaintiff.
              Plaintiff requests that attorney fees be awarded.

112.          Defendants conduct as described herein was malicious and oppressive, and
              done with a conscious disregard of Plaintiffs rights. The acts were performed
              with the knowledge of an employers' economic power over its employees.
              Defendant ratified the unlawful conduct of its employees in this action.
              Consequently, Plaintiff is entitled to punitive or exemplary damages from all
              Defendants.

## FIFTH CAUSE OF ACTION

### Racial Discrimination under 42 U.S.C. § 2000e as and against
### All Defendants and Each of Them

113.          Plaintiff repeats and re-alleges by reference each and every allegation
              contained in the above stated paragraphs, and incorporates the same as though
              fully set forth herein.

114.          Plaintiff claims he was subject to harassment by Director Marinan which was
              condoned by management and motivated by Plaintiff's race (African American)
              and national origin under 42 U.S.C. §2000e as set forth in the above stated
              paragraphs.

115.     Defendant Director Marinan's conduct, ratified by the County, was not welcomed
         by Plaintiff.

116.     Defendant Director Marinan's conduct, ratified by the County,  was motivated by
         Plaintiff' s race.

117.     The conduct alleged by Plaintiff  was so severe and pervasive that a
         reasonable person in Plaintiff's position would find Plaintiff 's
         environment to be hostile and abusive and that Plaintiff believed his
         environment to be hostile and abusive as a result of Director Marinan's
         conduct.

118.     Defendant at all times relevant herein had actual and constructive knowledge of
         the conduct described in the above stated paragraphs, but failed to take any
         remedial action to put an end to the harassment Plaintiff suffered at the hands of
         Director Marinan.

119.     The above described conduct of Director Marinan created an intimidating,
         oppressive, hostile and offensive work environment which interfered with the
         Plaintiff's well being.

120.     As a result of the hostile and offensive environment perpetrated and maintained
         by defendants and each of them, and their failure to protect the Plaintiff from
         further harassment, Plaintiff suffers severe emotional distress.

121.    Defendants violated Plaintiff's civil rights under 42 U.S.C. §2000e by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of the Defendants as described above.

122.    Defendants failed to comply with their duty to take all reasonable and necessary steps to eliminate racial harassment from the workplace and to prevent it from occurring in the future.

123.    As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional anguish and emotional distress; he has incurred and will continue to incur medical expenses for treatment by health care professionals, and for other incidental expenses, and he has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages.

124.    As a further and proximate result of Defendant's violations, Plaintiff has been compelled to retain the services of counsel, and has thereby incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff.

125.    Plaintiff is informed and believes, and based thereon alleges, that the
        outrageous conduct of Defendant described above was done with fraud,
        oppression and malice, with a conscious disregard for his rights, and with the
        intent, design, and purpose of injuring him.  Plaintiff is further informed and
        believes that Defendant authorized, condoned and/or ratified the unlawful
        conduct alleged herein, specifically.

## SIXTH CAUSE OF ACTION

### Retaliation under NYSHRL, Executive Law Section 290, et seq.
### Against All Defendants and Each of them

126.    Plaintiffs repeats and re-alleges by reference each and every allegation
        contained in the above stated  paragraphs,  and incorporates the same as
        though fully set forth herein.

127.    Plaintiff in good faith complained to both management and the NYSDHR/EEOC
        race discrimination by Director Marinan.

128.    That by formally protesting the conditions of his work place with management for
        the past four years, and by filing his charge of discrimination and for receiving a
        PROBABLE CAUSE DETERMINATION on December 24th, 2008,  Plaintiff
        engaged in protected activity under 42 U.S.C § 1981.

129.        Immediately thereafter, Plaintiff was subject to retaliatory harassment
            culminating in his termination on December 30, 2008, 6 days after receiving his
            PROBABLE CAUSE determination on December 24, 2008.

130.        That there was a causal connection between Plaintiff's engagement in protected
            activity and his termination, and that defendant's reasons for terminating Plaintiff
            are pretextual as a matter of law.

131.        Defendants, and each of them, engaged in a pattern of illegal retaliation because
            the Plaintiff had complained about Defendant had no legitimate business reason
            for any such actions as described above.

132.        As a direct and proximate result of Defendant's willful, knowing and intentional
            discrimination against him, Plaintiff has suffered and will continue to suffer pain
            and suffering and extreme and severe mental anguish and emotional anguish
            and emotional distress; he has incurred and will continue to incur medical
            expenses for treatment by health care professionals, and for other incidental
            expenses, and he has suffered and will continue to suffer a loss of earnings and
            other employment benefits and job opportunities.  Plaintiff is thereby entitled to
            general and compensatory damages in amounts to be proven at trial.

Dated: September 24, 2009
Rochester, New York

/s/ Christina A. Agola, Esq.
Christina A. Agola, Esq.

Christina A. Agola, PLLC
Attorneys for Plainiff
2100 First Federal Plaza
28 East Main Street
Rochester, New York 14614
Tel: 585. 262.3320
Fax: 585.262.3325
cagola@agolalaw.com